Case 2:16-cv-00354 Document 25 Filed on 04/06/17 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
April 06, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CONNIE RODRIGUEZ, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL NO. 2:16-CV-354 |
| § | |
| WAL-MART STORES TEXAS, LLC, § | |
| § | |
| Defendant. § | |

# ORDER

The Court is in receipt of Plaintiff's Motion to Quash and Motion for Protective Order, Dkt. No. 18.[1]

Plaintiff Connie Rodriguez ("Rodriguez") filed an original complaint against Defendant Wal-Mart Stores Texas, LLC ("Walmart") in state court on July 7, 2016, alleging that she was injured by the negligence of an employee while shopping in a Wal-Mart store. *See* Dkt. No. 1. On August 22, 2016 Wal-Mart removed this case to this jurisdiction. *Id.* On January 20, 2017, Rodriguez filed a motion to quash various written deposition questions and accompanying subpoenas duces tecum served by Wal-Mart on third-party medical providers. Dkt. No. 18. Rodriguez argues that these questions and subpoenas seek information that is inadmissible and violates the collateral source rule. *See id.* Wal-Mart responds that Rodriguez does not have standing to challenge the subpoenas, which in any case are not harassing and do not violate the collateral source rule. *See* Dkt. No. 20.

Federal Rule of Civil Procedure 45 permits the issuance of subpoenas duces tecum, to order the production of "documents, electronically stored information, or tangible things" as well as facilitate the "inspection, copying, testing, or sampling of the materials" by the requesting party. Fed. R. Civ. P. 45 (a)(1)(D). Only the party

---

[1] The Court notes that Plaintiff has in fact filed two such motions, which appear to be substantially similar. The Court will consider only the motion filed second in time, on January 20, 2017, Dkt. No. 18, here, and construe it as correcting the earlier motion filed on January 4, 2017, Dkt. No. 14.. If Plaintiff wishes to inform the Court of any good cause why her earlier motion establishes a distinct request for relief separate from that requested by her later motion she may file a motion for reconsideration.

upon which the subpoena is served has standing to quash a subpoena. However, an objecting party who claims a personal right or privilege with respect to the documents sought may object. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *see also Adams v. Dolgencorp, L.L.C.*, No. 11–784–FJP–DLD, 2012 WL 2064556, *2 (M.D. La. June 7, 2012) (denying the plaintiff's motion to quash a third-party subpoena because the plaintiff argued only relevance and undue burden and presented no argument concerning a personal right or privilege). Under Rule 45, a court must, on timely motion, quash or modify a subpoena if it requires the disclosure of privileged or protected matter. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii).

If Rodriguez is correct that the depositions by written questions and subpoena at issue violate the collateral source doctrine, she has standing to object. "The collateral source rule is both a rule of evidence and damages." *Tate v. Hernandez*, 280 S.W.3d 534, 542 (Tex.App.–Amarillo 2009, no pet.) (quoting *Johnson v. Dallas County*, 195 S.W.3d 853, 855 (Tex.App.-Dallas 2006, no pet.). "The evidentiary component bars admission of evidence of the existence of the collateral source or the receipt of benefits," on the basis that "the trier of fact may use that evidence improperly to deny the plaintiff the full recovery to which he is entitled." *Id.* at n.1 (quoting *Arthur v. Catour*, 833 N.E.2d 847, 852 (2005)) (citations omitted)). Yet on review of the record, it is clear that the written questions to which Rodriguez objects do not violate the collateral source doctrine. Wal-Mart argues, and the Court agrees, that these questions ask third-party medical providers identified by Rodriguez if, in the course of discovery, "any documents have been withheld, whether the records custodian is aware he or she may be subpoenaed to trial to testify about any withheld documents, and the total amount charged for Plaintiff's treatment." Dkt. No. 20 at 3. These questions do not demand, as Rodriguez alleges, that the subjects of these subpoenas disclose the "identity of the person or entity that has paid all or part of Plaintiff's medical bills or the amounts of any adjustments, discounts or write-offs." Dkt. No. 18 at 3.

For the foregoing reasons, the Court **DENIES** Rodriguez's Motion to Quash and Motion for Protective Order, Dkt. No. 18. The Court additionally **STRIKES**

Rodriguez's prior motion, Dkt. No. 14, which was amended by the later motion the Court here denies.

It is so ORDERED.

SIGNED this 6th day of April, 2017.

_____
Hilda Tagle
Senior United States District Judge